UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

SERGIO REYES ALVAREZ,            )
                                 )
        Petitioner               )
                                 )
    vs.                          )   Case No. 4:13-cv-02260-JHH-HGD
                                 )
SCOTT HASSELL, et al.,           )
                                 )
        Respondents              )

# REPORT AND RECOMMENDATION

Petitioner, Sergio Reyes Alvarez, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks release under supervision pending deportation to Mexico.

Petitioner was admitted to the United States as a lawful permanent resident in 2004. (Doc. 14-1, Declaration of Gerald Smith, Immigration Customs Enforcement (ICE) Assistant Field Office Director (Smith Decl.), at ¶ 2). On April 16, 2012, petitioner was convicted in the California Superior Court of the offense of Lewd and Lascivious Act With A Child and sentenced to nine months in jail and probation. (*Id.* at ¶ 3). On July 19, 2012, petitioner was served with a Notice to Appear informing him that he was subject to removal from the country. Also on that day, ICE took

Alvarez into custody after he was released from jail in Bakersfield, California. (Id. at ¶¶ 4-5).

On April 19, 2013, an immigration judge (IJ) ordered Alvarez to be removed to Mexico. (*Id.* at ¶ 6). Petitioner appealed the IJ's decision to the Board of Immigration Appeals (BIA) on May 20, 2013. The BIA dismissed the appeal on September 16, 2013. (*Id.* at ¶¶ 7-8).

Petitioner appealed the BIA's decision to the Ninth Circuit Court of Appeals and moved to stay his removal. (*Id.* at ¶ 9). Under Ninth Circuit General Order 6.4(c)(1), Alvarez's stay motion automatically stayed his removal.[1] The Ninth Circuit subsequently formally granted petitioner's motion to stay his removal.

On December 10, 2013, ICE conducted a post-removal-order custody review of Alvarez and decided to continue his detention. (*Id.* at ¶ 11). Mr. Smith states in his declaration that Mexico routinely accepts its citizens for removal. Because Alvarez is a Mexican citizen, and barring a court order to the contrary, ICE expects to remove him when the Ninth Circuit lifts its stay. (*Id.* at ¶ 13).

---

[1] Ninth Cir. Gen'l Order 6.4(c)(1) (2011) provides that, "Upon the filing of a motion or request for stay of removal or deportation, the order of removal or deportation is temporarily stayed until further order of the court." The docket sheet in *Alvarez v. Holder*, No. 13-73487 (9th Cir.) reflects that on October 4, 2013, the Ninth Circuit entered an order (Doc. 1) stating, "Pursuant to G.O. 6.4(c)(1)(3) A TEMPORARY STAY OF REMOVAL IS IN EFFECT pending further order."

## DISCUSSION

Petitioner contends that he should be released under an order of supervision pending removal to Mexico. He also argues that his conviction was not an aggravated felony for purposes of immigration law. He also contends he has been denied substantive due process in connection with his custody review pursuant to 8 C.F.R. § 241.4.

First, to the extent petitioner challenges the IJ's finding that his conviction is an aggravated felony supporting removal, this court lacks jurisdiction to review any challenge by petitioner to the removal order. After the REAL ID Act, "a petition for review filed with the appropriate court is . . . an alien's exclusive means of review of a removal order." *Alexandre v. U.S. Att'y Gen.*, 452 F.3d 1204, 1206 (11th Cir. 2006). Accordingly, and "[n]otwithstanding . . . section 2241 of Title 28," "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5). Where a habeas petitioner seeks review of a removal order, § 1252(a)(5) applies and deprives a district court of jurisdiction to review the petition to the extent it challenges a removal order. *See Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1366 (11th Cir. 2006).

With respect to detention, release, and removal of aliens ordered removed, 8 U.S.C. § 1231(a) gives the Attorney General a 90-day period to accomplish the removal of an alien following the entry of a final order of deportation. Title 8 U.S.C. § 1231(a)(1) provides in relevant part:

> **(a) Detention, release, and removal of aliens ordered removed**
> **(1) Removal period**
> **(A) In general**
> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
> **(B) Beginning of period**
> The removal period begins on the latest of the following:
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order . . .
> **(C) Suspension of period**
> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C. § 1231(a)(1).

The Supreme Court held in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), that § 1231(a) authorizes detention for a period reasonably necessary to accomplish the alien's removal. *Id.* at 699-700, 121 S.Ct. at 2504. The

court found that six months is a presumptively reasonable period of time to allow the Government to remove an alien after the removal period has commenced. *Id.* at 701, 121 S.Ct. at 2505. The Supreme Court further stated that:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

The decision in this case is governed by 8 U.S.C. § 1231(a)(1)(B)(ii) and (C). The presumptive removal period has not begun to run, or only recently began to run, because petitioner filed a petition for review in the Ninth Circuit Court of Appeals in conjunction with a Motion to Stay Removal, effectively preventing his removal. The petition was pending and the stay was still in effect as of February 7, 2014.

The earliest Alvarez's time could have begun to run was on February 8, 2014, assuming *arguendo* that the petition was denied and the stay lifted the very next day after respondents filed their response to the Order to Show Cause. Therefore, the six-month presumptive removal period would not have elapsed as of the date of entry

of this report and recommendation. *See* 8 U.S.C. § 1231(a)(1)(B)(ii); *Shehnaz v. Ashcroft*, 2004 WL 2378371, at *2 (S.D.N.Y. Oct. 25, 2004); *Jiang v. Chertoff*, 2008 WL 80582, *6 n.11 (D.Minn. Jan. 8, 2008); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002) (finding that the submission of a motion to stay removal acts to prevent removal within the meaning of 8 U.S.C. §1231(a)(1)). Because the six-month presumptive removal period will not expire until, at the earliest, August 8, 2014, this habeas corpus petition is due to be dismissed as premature.

Under 8 U.S.C. § 1231(a)(1)(C), an alien's § 1231(a)(1)(A) removal period "shall" extend beyond 90 days if he acts to prevent his removal. Similarly, if an alien appeals his removal and seeks a stay of that removal pending the appeal, the motion to stay "interrupts" the running of the six-month *Zadvydas* removal period. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002) (finding that alien's motion to stay deportation "interrupted" the six-month *Zadvydas* period); *see also Gozo v. Napolitano*, 309 Fed. Appx. 344, 346 (11th Cir. 2009) (affirming denial of habeas petition as premature because alien "interrupted" the removal period for 18 months by seeking withholding of removal from Immigration Court); *Powell v. Holder*, 2013 WL 2635490, at *2 (N.D.Ala. June 10, 2013) (finding alien's claim that he was being held in violation of *Zadvydas* premature: "The *Zadvydas* presumptively reasonable six-month period for removal after issuance of a final order is tolled when

an alien requests judicial review of a removal order and a court orders a stay of removal."). Indeed, an alien's action delaying removal, such as a motion to stay, renders the "'reasonably necessary' time to accomplish his removal . . . concomitantly longer than what it would have been absent the litigation, even though the litigation is not regarded . . . as being filed in bad faith." *Harrison v. Holder*, 2012 WL 4479258, at *5 (N.D.Ala. Sept. 5, 2012) (recommending denial of habeas petition); *Crooks v. Holder*, 2013 WL 5524135, at *3 (N.D.Ala. Sept. 30, 2013) ("[T]he presumptively reasonable detention period [set by *Zadvydas*] may extend beyond six months if an alien acts to prevent or slow the Government's efforts to remove him.").

Because the six-month presumptive removal period has not expired and because petitioner has not shown that there is no significant likelihood of removal in the reasonably foreseeable future, it is RECOMMENDED that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE as premature.

### NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. Any objections to the failure of the magistrate judge to address any contention raised in the complaint or petition also must be included. Failure to

do so will bar any later challenge or review of the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).  In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  Objections not meeting this specificity requirement will not be considered by a district judge.  IT IS NOT NECESSARY FOR PLAINTIFF OR PETITIONER TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PLAINTIFF OR PETITIONER DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS.  HE ALSO SHOULD OBJECT TO ANY FACTS NOT INCLUDED IN THE REPORT AND RECOMMENDATION WHICH HE CONTENDS SHOULD HAVE BEEN INCLUDED.  THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 28th day of May, 2014.

                                                                                    HARWELL G. DAVIS, III
                                                                                    UNITED STATES MAGISTRATE JUDGE